IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 10-334-1 |
| v. | |
| ALFREDO SIERRA LANDIS | CIVIL ACTION NO. 20-713 |

**MEMORANDUM**

**SCHMEHL, J.** */s/JLS*                                          October 26, 2021

     Defendant, Alfredo Sierra Landis, has filed two separate motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons that follow, this Court will deny Defendant's petitions.

    I.      **PROCEDURAL HISTORY**

    On July 27, 2011, Landis pleaded guilty to 34 drug trafficking and firearms charges, including conspiracy to distribute 50 grams or more of crack cocaine, cocaine, and marijuana, numerous counts of distribution of controlled substances, one count of possession of a firearm in furtherance of a drug trafficking crime and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He pleaded guilty to these offenses pursuant to a plea agreement under Rule 11(c)(1)(C), in which the government and Landis agreed that the appropriate term of imprisonment was 216 months. The parties entered into several guideline stipulations, including that his offense involved 111 grams of crack, that he was subject to a two-level enhancement because he engaged in a pattern of criminal activity and a four-level enhancement for his role in the offense as the leader of an eight-person conspiracy, and that he should receive a three-level reduction for

acceptance of responsibility. The Probation Office applied these same enhancements, but also applied a two-level enhancement for the school zone counts. With this adjustment, Landis' total offense level was 31. He was in criminal history category III, and his guideline range on the drug counts and Section 922(g) counts was 135 to 168 months, plus an 84-month consecutive sentence on the Section 924(c) count, for a total range of 219 to 252 months.

As required by law, the 84-month consecutive term was imposed on Count 36, which charged a violation of Section 924(c)[1]. At the sentencing hearing on January 25, 2012, the Honorable James Knoll Gardner adopted the guideline calculation in the PSR and imposed the recommended total term of imprisonment of 216 months. Included in this total sentence was a concurrent sentence of 120 months' imprisonment for Landis' conviction of being a felon in possession of a firearm.

On April 6, 2015, Landis filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines. In an order issued on May 20, 2015, Judge Gardner denied the motion on the ground that the C plea sentence was not sufficiently tied to a guideline range, and accordingly, Landis was not eligible for a reduction. Subsequently, Landis filed another motion under Section 3582(c)(2), based on the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), that clarified eligibility for relief under Section 3582(c)(2) for a defendant sentenced under a C plea agreement. The government agreed that Landis was entitled to relief, and on March 6, 2019, Landis' total sentence was reduced to 192 months. This case was reassigned from Judge Gardner to the undersigned on September 13, 2018.

---

[1] A second 924(c) charge was dismissed as part of the plea agreement.

On February 6, 2020, Landis filed a Section 2255 motion, seeking relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). Subsequently, on March 15, 2020, Landis filed a second 2255 motion, seeking relief based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

## II.   ANALYSIS

Title 28, United States Code, Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Perkins*, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Landis' first 2255 motion seeks relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), claiming that the *Davis* case requires his conviction to be vacated. However, that decision involves a part of Section 924(c) that was not at issue in this case. Section 924(c) prohibits use, carrying, or possession of a firearm in relation to either a "crime of violence" or a "drug trafficking crime." *Davis* involved the definition of a "crime of violence" under this statute, and invalidated part of the definition of that term stated in Section 924(c)(3). Landis, however, was convicted of possession of a firearm in furtherance of a "drug

3

trafficking crime." The definition of that term is not addressed by *Davis*. Accordingly, Landis' motion under section 2255 is denied on the *Davis* issue.

Approximately one month after filing his first 2255 motion, Landis filed a second 2255 motion, this time arguing that the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct 2191 (2019) requires his conviction to be vacated. However, there are numerous problems with Landis' second 2255 motion, and it will also be denied.

In *Rehaif*, the Supreme Court held that the knowledge element of the 922(g) offense requires not only proof that the defendant knowingly possessed a firearm, but also that he knew of the status that made the possession illegal. At the time the defendant was convicted, knowledge of the pertinent status was not considered an element of the offense, and that requirement accordingly was not stated to or admitted by the defendant at the time he entered a guilty plea.

First, in *In re Sampson*, 954 F.3d 159 (3d Cir. 2020), the Third Circuit held that a claim under *Rehaif* may not be presented in a second or successive 2255 motion, because *Rehaif* presents an issue of statutory interpretation, not the exclusive grounds on which a successive 2255 motion is allowed (i.e., a claim of innocence based on newly discovered evidence, or a new rule of constitutional law made retroactive by the Supreme Court). As Landis' motion based on *Rehaif* was his second 2255, it cannot be considered.

However, even if we could consider Landis' 2255 motion under *Rehaif*, it still would fail. Landis' 922(g) conviction, which is the only offense challenged based upon *Rehaif*, had no impact at all on his sentence. Landis faced a guideline range of 219 to 252 months' imprisonment, based exclusively on the drug trafficking counts and his conviction under 18 U.S.C. § 924(c), without any consideration of the felon-in-possession offense. The

Court imposed a total sentence of imprisonment of 216 months, consistent with the parties' C plea agreement, and then imposed a concurrent term of 120 months on Count 73, the 922(g) charge. While Landis' total sentence was recently reduced to 192 months' imprisonment, the 120-month concurrent sentence on Count 73 remains unchanged.

The concurrent sentence doctrine states that "a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." *Nosov v. Schuylkill FCI*, 634 Fed. Appx. 379, 380 (3d Cir. 2016) (*citing United States v. McKie*, 112 F.3d 626, 628 (3d Cir. 1997). "The theory is that because the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986). This doctrine should be applied only where it is apparent that a defendant will not suffer collateral consequences from the unreviewed conviction. *United States v. Clemons*, 843 F.2d 741, 743 n. 2 (3d Cir. 1988).

In the instant matter, because the term of imprisonment on the 922(g) charge is entirely concurrent to and less than the sentences imposed on other counts, this habeas challenge need not be addressed under the concurrent sentence doctrine.

### III. **CONCLUSION**

For the reasons set forth above, this Court denies Defendant Landis' motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.